# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

JONATHAN LEIGH HARDMAN,

    Plaintiff,

v.                                                   Case No. 2:21-cv-00442

SOUTH CENTRAL REGIONAL JAIL, *et al.*,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### I.    PROCEDURAL HISTORY

On August 6, 2021, Plaintiff filed a Complaint under 42 U.S.C. § 1983, alleging that, on July 11, 2021, he suffered broken ribs and other injuries when he was assaulted by other inmates at the South Central Regional Jail ("SCRJ" or "jail"), while he was housed in a cell which had a door that was known not to lock and had a sign stating, "Do Not House." (ECF No. 1 at 3). Plaintiff sought compensation for his "injuries and mental anguish and issues due to the jail's negligence[.]" (*Id.*) On October 14, 2021, Plaintiff filed an Amended Complaint (ECF No. 9), in which he added, as defendants, an "Officer Slaughter" and four "John Doe" defendants, consisting of the four inmates who assaulted him. The Amended Complaint further alleged that Plaintiff was "placed in the hole" and "forgotten about" and "never received a follow-up x-ray as requested" by his outside

medical provider at Charleston Area Medical Center. (ECF No. 9 at 5). On October 18, 2021, the Clerk's Office received a letter from Plaintiff indicating that he had misidentified the Correctional Officer, whose name was allegedly "Slausson," not "Slaughter." (ECF No. 10).

On March 18, 2022, the undersigned entered a Proposed Findings and Recommendation ("PF&R") recommending that the SCRJ and the John Doe Defendants be dismissed for failure to state a claim upon which relief can be granted. (ECF No. 11). The PF&R was adopted by the presiding District Judge on April 5, 2022. (ECF No. 15). The undersigned also entered an Order and Notice granting Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and directing that service of process be attempted by the United States Marshals Service ("USMS") on defendant Slausson. (ECF No. 12). However, on March 29, 2022, the USMS returned the summons as unexecuted, stating that an officer named "Slawson" was not employed at the SCRJ and was potentially in Texas for military training until the end of May of 2022. (ECF No. 14). That defendant has not been successfully identified and served with process.

Since that time, Plaintiff has been released from the custody of the West Virginia Division of Corrections and Rehabilitation and his current whereabouts are unknown. Despite being advised that he was required to "promptly notify the Court and any opposing party of any changes in his contact information, including his transfer or release from his present correctional facility," (ECF No. 12 at 2-3)[1], Plaintiff failed to do so, and he has not communicated with the Court in any way since October of 2021. Therefore, it appears that he has abandoned his claim.

---

[1] The undersigned's Order and Notice was mailed to Plaintiff at the Southwestern Regional Jail, where he was then incarcerated, and there is no indication that the mail was returned as undelivered or not received by Plaintiff.

## II.    DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors:  (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).  Such is the case here.

Plaintiff failed to comply with the undersigned's March 18, 2022 Order and Notice and has not otherwise communicated with the Court since October of 2021.  Thus, he has failed to prosecute this action as required.  The responsibility for the delay in the progress of this matter is entirely on Plaintiff and dismissal appears to be the only appropriate sanction, as Plaintiff's current whereabouts are unknown, and the defendant would be unduly prejudiced by the continued prosecution of this matter which has been largely delayed due to Plaintiff's dilatory actions.

### III.   FINDINGS AND RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff has failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff at his last known address.

May 16, 2024

Dwane L. Tinsley
United States Magistrate Judge