IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JONATHAN LEIGH HARDMAN,

        Plaintiff,

v.                              CIVIL ACTION NO. 2:21-cv-00442

SOUTH CENTRAL REGIONAL JAIL, *et al.*,

        Defendants.

**ORDER**

By Standing Order entered on January 4, 2016, (ECF No. 4), this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). Magistrate Judge Tinsley filed his PF&R on May 16, 2024, recommending that this Court dismiss this action for failure to prosecute because Plaintiff Johnathan Leigh Hardman ("Plaintiff") failed to comply with the Magistrate Judge's March 18, 2022 Order and Notice and has not communicated with the Court since October of 2021. (ECF No. 22 at 3–4.)

This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general

and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R were due on June 3, 2024. (ECF No. 22). Plaintiff has not filed any objections to the PF&R, thereby waiving *de novo* review of Magistrate Judge Tinsley's PF&R. The Court notes that Plaintiff has also seemingly failed to maintain his current address with the clerk as the PF&R, which was sent to Plaintiff at his address on record, was initially returned as undeliverable. (*See* ECF No. 23.) Per Rule 83.5 of the Local Rules of Civil Procedure, Plaintiff—as a *pro se* party—"must advise the clerk promptly of any changes in name, address, or telephone number." The fact that the PF&R mailed to Plaintiff was returned as undeliverable due to Plaintiff's failure to maintain his current address with the clerk does not impact the Court's review and analysis of the PF&R and does not provide Plaintiff with an avenue to object to the PF&R after the June 3, 2024 deadline. Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 22), and **DISMISSES** the action **WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 4, 2024

_____
THOMAS E. JOHNSTON, CHIEF JUDGE